IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TRACY DOZIER,<br>    Plaintiff,<br><br>v.<br><br>MARTIN J. O'MALLEY,<br>Commissioner of Social Security,<br>    Defendant. | Civil Action No. 3: 24 cv 00180<br>Magistrate Judge Frensley |

### MEMORANDUM AND ORDER

This action is before the Court pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying Plaintiff disability insurance benefits (DIB) under Title II of the Social Security Act (Act), 42 U.S.C. §§ 401, et seq. The parties have consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), and the matter is briefed and ready for disposition. For the reasons set forth below, Plaintiff's Motion to Remand is **DENIED**, Docket No. 13, and the decision of the Commissioner is **AFFIRMED**.

### I. INTRODUCTION

Plaintiff Tracy Dozier filed his application for DIB on September 21, 2020, alleging a disability onset date of March 21, 2020, and alleging disability due to contact dermatitis, "liver problems," and eczema. (Tr. 145-151, 172).[1] Plaintiff was born on March 22, 1963, and was 47 years old at the time of his alleged onset date. (Tr. 61). His application was denied initially and upon reconsideration. (Tr. 52-70). On December 16, 2022, represented by counsel, Plaintiff appeared before an ALJ for a telephonic hearing. (Tr. 30-51). At the hearing, Plaintiff amended his claim to a closed period of disability from March 21, 2020, to July 1, 2021. (Tr. 33).

---

[1] Docket No. 10 consists of the Administrative Record or Transcript, hereinafter cited as "Tr." Page numbers refer to the bold numbers in the bottom right corner of the page of the record.

On December 28, 2022, an ALJ issued a decision finding Plaintiff was not disabled under the Act. (Tr. 14-25). The ALJ used the five-step sequential evaluation for disability determinations pursuant to 20 C.F.R. § 404.920(a)(4). At step one, the ALJ found Plaintiff had not worked during the requested closed period of disability but had engaged in substantial gainful activity since July 21, 2020. (Tr. 19). At step two, the ALJ found Plaintiff's liver disease was his only severe impairment, and that his other impairments, including dermatitis, irritable bowel syndrome, hypertension, and chronic kidney disease, were non-severe. (Tr. 20-22). At step three, the ALJ found he did not have an impairment or combination of impairments that met or medically equaled the severity of one found in the listings in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 21).

The ALJ determined Plaintiff had the residual functional capacity (RFC) to perform a full range of "medium" work as defined under the regulations.[2] (Tr. 21-23). At step four, relying on VE testimony, the ALJ found Plaintiff was able to perform his past relevant work as a power press tender, washer, and marbleizing machine tender. (Tr. 24). The ALJ therefore concluded Plaintiff was not disabled as defined under the Act. (Tr. 24).

The Appeals Council denied review. (Tr. 1-6). Accordingly, the ALJ's December 28, 2022, decision stands as the final decision of the Commissioner subject to this Court's review.

## II. REVIEW OF THE ADMINISTRATIVE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of record. Accordingly, this Court will discuss only the record evidence relevant to Plaintiff's appeal.

---

[2] "Medium" work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. § 404.1567.

### III. LEGAL STANDARD

This Court reviews the record to determine: (1) whether substantial evidence on the record as a whole supports the Commissioner's decision, and (2) whether any legal errors were committed in the decision-making process. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016). Under the substantial-evidence standard, the court looks to the administrative record and asks whether it contains "sufficient evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support the conclusion." *Her v. Comm'r of Soc. Sec.*, 203 F. 3d 388, 389 (6th Cir. 1999) (citation omitted). "Substantial evidence" is "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.,* 105 F. 3d 244, 245 (6th Cir. 1996).

This Court will not substitute its own findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. *Garner v. Heckler*, 745 F. 2d 383, 387 (6th Cir. 1984). Even if the evidence supports a different conclusion, the decision of the ALJ must stand if substantial evidence supports the conclusion reached. *Key v. Callahan*, 109 F. 3d 270, 273 (6th Cir. 1997). The claimant carries the ultimate burden to establish an entitlement to benefits. 42 U.S.C. § 423(d)(1)(A).

### IV. DISCUSSION

Plaintiff contends the ALJ erred in failing to evaluate whether his alcoholism was a medically determinable impairment in violation of 20 C.F.R. § 404.1535 and Social Security Ruling 13-2p; and in evaluating his residual functional capacity in light of his alcoholism. Docket No. 13-3, p. 7. The Court disagrees.

    **1.** **Alcoholism as Medically Determinable Impairment at Step Two**

Plaintiff argues the ALJ erred in failing to evaluate whether his alcoholism was a medically determinable impairment at step two despite evidence of diagnoses of chronic alcoholism from several medical sources. Id. p. 10. He argues the ALJ made no provision for limitations arising from his alcoholism in the RFC determination in concluding he was capable of medium work. Id. Plaintiff contends that although the ALJ mentioned his use of alcohol in his RFC assessment, he failed to include any limitations arising from his alcoholism in the RFC, nor did he explain why no limitations were warranted. Id. He contends that inconsistent with the regulations, the ALJ considered only the "net effects" of his severe impairments, excluding his alcohol use. Plaintiff asserts the ALJ should have evaluated his functioning during a period of sobriety to determine whether his symptoms, such as an unsteady gait, resolved in the absence of alcohol abuse. He argues the ALJ erred by disregarding his alcohol use and failing to obtain a medical opinion where there was not a substantial period of sobriety. The Court disagrees.

As an initial matter, Plaintiff waived any arguments with respect to his alcoholism by failing to raise them administratively. *LeBlanc v. E.P.A.*, 310 F. App'x 770, 776 (6th Cir. 2009) (under the doctrine of issue exhaustion or the administrative waiver doctrine, a reviewing court may not consider arguments not previously raised before an administrative agency). As noted earlier, Plaintiff stated in his application that he became disabled due to "contact dermatitis, liver problems [and] eczema," and did not mention alcoholism or alcohol in his application in any way. (Tr. 145-151, 172). Likewise, at his hearing, neither Plaintiff, his wife, nor his attorney mentioned alcoholism as a barrier to work. At the hearing, Plaintiff's counsel noted that Plaintiff had returned to full time employment in July 2021, and therefore the period at issue was a closed period from March 2020 through July 2021. (Tr. 33-34). Counsel stated that the medical improvement that had allowed Plaintiff to return to work was treatment for a leg infection, as well as injections, pain

medication, and physical therapy for hip and shoulder pain. (Tr. 34). At the hearing, there was no testimony or discussion of alcohol abuse, or a change in alcohol consumption, that either caused Plaintiff to be unable to work during the closed period or allowed him to return to work thereafter.

At the hearing, Plaintiff testified in part that his leg became infected at his last job, which caused a limitation in sitting and standing. (Tr. 39). He was laid off in March 2020 due to the Covid pandemic and was able to work again six to eight months later after his leg improved; however, however, it took him fifteen months to return to work due to Covid restrictions. (Tr. 42-43). He has smoked cigarettes for over 40 years. (Tr. 40-41).

At the hearing, Plaintiff did not testify that he was an alcoholic or had a diagnosis of alcoholism or alcohol abuse, nor did he testify that his drinking affected his ability to work. Therefore, he has waived any such argument before this Court. *Wilson Air Ctr., LLC v. F.A.A.*, 372 F.3d 807, 813 (6th Cir. 2004) (it is inappropriate for courts reviewing agency decisions to consider arguments not raised before the administrative agency involved). Plaintiff's attorney did not question him about his alcohol use. (Tr. 43-44). Nor did Plaintiff's wife's testify concerning Plaintiff's alcohol use. (Tr. 48-50). Because neither Plaintiff, his wife, or counsel ever communicated that they believed Plaintiff's alcohol consumption or alleged alcoholism impacted his ability to work, the ALJ was entitled to assume that if Plaintiff felt his use of alcohol impacted his ability to work, he would have mentioned it, particularly when represented by counsel as Plaintiff was here. *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 549 (6th Cir. 2002) (ALJ "is entitled to presume that a claimant who was represented by counsel has made his best case."). To the extent Plaintiff now argues that alcoholism was not adequately considered by the ALJ, he has waived any such argument by not raising it at the administrative level.

Even assuming *arguendo* that Plaintiff had not waived this argument, the ALJ properly

discussed Plaintiff's alcohol use in his decision. The ALJ stated "it was noted that the claimant had elevated liver enzymes indicating inflammation likely from increased alcohol use, and a liver ultrasound performed on July 22, 2020, showed a fatty liver." (Tr. 22, 253, 267). The ALJ noted that another ultrasound in December 2020 showed a fatty liver. (Tr. 22, 310). The ALJ noted that a March 2021 scan of Plaintiff's liver and gallbladder were normal. (Tr. 23, 306). The ALJ also noted that in March 2021, Plaintiff had abdominal pain, but also reported drinking a pint of alcohol or more per day. (Tr. 20, 301-302). With respect to abdominal pain, the ALJ noted that an abdominal/pelvic CT scan showed no acute intra-abdominal abnormality, and his irritable bowel syndrome responded well to medication. (Tr. 20). The ALJ noted a second time that Plaintiff was drinking more than a pint of alcohol daily. (Tr. 23, 301- 302). As such, the ALJ properly recognized and discussed Plaintiff's alcohol consumption, but reasonably determined that it did not rise to a severe impairment at step two. *See Watters v. Comm'r of Soc. Sec.*, 2013 WL 3722099 at \*2 (6th Cir. July 17, 2013) (at step two, Plaintiff bears the burden of showing how his impairments affected him more than minimally, and it was reasonable for the ALJ to find he was unable to do so; "[a]lthough the standard is de minimis, the plaintiff still bears the burden of demonstrating that he suffers from a medically determinable . . . impairment.").

At step two, the ALJ found that Plaintiff had severe liver disease and then properly proceeded to step three of the evaluation process. *See Castile v. Astrue*, 617 F.3d 923, 927 (7th Cir. 2010) ("As long as the ALJ determines that the claimant has one severe impairment, the ALJ will proceed to the remaining steps of the evaluation process."). *Pompa v. Comm'r of Soc. Sec.*, 73 F. App'x 801, 803 (6th Cir. 2003)("[b]ecause the ALJ found that [Plaintiff] had a severe impairment at step two of the analysis, the question of whether the ALJ characterized any other alleged impairment as severe or not severe is of little consequence."); *Anthony v. Astrue*, 266 F.

App'x 451, 457 (6th Cir. 2008) (where the ALJ found that claimant had a severe impairment, "[t]he fact that some of [claimant's] impairments were not deemed to be severe at step two is [] legally irrelevant."). Accordingly, substantial evidence supports the ALJ's finding at step two.

2. **Residual Functional Capacity (RFC)**

Residual functional capacity is the most a claimant can still do despite the physical and mental limitations resulting from his impairments. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009); *see also* 20 C.F.R. §§ 404.1545(a), 416.945(a). The determination of RFC is an issue reserved to the Commissioner and must be supported by substantial evidence. 20 C.F.R. §§ 404.1527(e), 416.927(e). However, "'ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.'" *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (citation omitted). The RFC assessment must include:

> [A] narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

S.S.R. 96-8p, 1996 WL 374184, at *6-7. "Although SSR 96–8p requires a 'function-by-function evaluation' to determine a claimant's RFC, case law does not require the ALJ to discuss those capacities for which no limitation is alleged." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002). Instead, the ALJ "'need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record.'" *Id.* (citations omitted).

The regulations provide that for claims filed on or after March 27, 2017, such as here, the

agency will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the agency will evaluate the persuasiveness of medical opinions and prior administrative medical findings using the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, examining relationship, specialization, and other factors. Supportability and consistency are the two most important factors, and the ALJ must explain how he considered the factors in determining the persuasiveness of a medical source's medical opinion or a prior administrative medical finding. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

In January 2021, Plaintiff underwent a consultative examination with William Huffman, M.D. at the request of the state agency. (Tr. 269). At the exam, Plaintiff reported that he drank two pints of whisky per day.[3] (Tr. 269) Plaintiff had clear chest and lungs, normal heart rhythm and rate, and supple and nontender abdomen. (Tr. 270-271). He had mildly diminished range of motion in his spine, and normal range of motion without pain in his shoulders, elbows, hips, knees, ankles and wrists. (Tr. 271). Plaintiff's gait and station were normal, he had 5/5 motor strength in his upper and lower extremities, negative straight leg raise test, and no neurosensory deficit. (Tr. 271). Dr. Huffman diagnosed liver disease, "probably secondary to his alcoholism," chronic alcoholism, as well as eczema and hypertension. (Tr. 271). Dr. Huffman opined that Plaintiff's only limitation would be that he would not be able to lift over 50 lbs. (Tr. 271).

The ALJ found Dr. Huffman's medical opinion to be persuasive because it was well

---

[3] Other record evidence notes that Plaintiff drank one pint of whisky per week, including medical records from the weeks before and after his consultative examination. (Tr. 250, 256, 260, 275, 278, 284, 290, 284, 297, 332).

supported by his examination findings and consistent with the findings of fatty liver, but "otherwise unremarkable treatment records." (Tr. 24). The ALJ formulated a more restrictive RFC when limiting Plaintiff to medium exertional work, because medium work involves lifting no more than 50 pounds at a time, but also specifically limits frequent lifting or carrying to only 25 pounds. (Tr. 21). 20 C.F.R. § 404.1567.

No other medical provider opined that Plaintiff had any work restrictions from his impairments. *Cf. Price v. Comm'r of Soc. Sec.*, 342 F. App'x 172, 177 (6th Cir. 2009) ("As the ALJ's review of the administrative record indicates, no other treating or consultative physicians concluded that Price was disabled."). State agency reviewing physicians Reeta Misra, M.D. and Thomas Thrush, M.D., reviewed Plaintiff's record in February 2021 and September 2021, respectively, including Dr. Huffman's consultative examination findings. Both opined that Plaintiff did not have any severe limitations and did not require any work restrictions. (Tr. 52-60, 64-69). Both providers discussed the record evidence showing Plaintiff's fatty liver, his "chronic alcoholism," and alcohol abuse, and determined that none of his impairments were severe. (Tr. 56-57, 65-66).

The ALJ found the opinion of Dr. Huffman to be most persuasive but added additional restrictions regarding a 25-pound limitation on frequent lifting and carrying to account for Plaintiff's non-severe impairments in combination with his severe one. (Tr. 21-24). Because the ALJ's RFC determination was more limited than Dr. Huffman's or that of any other provider of record, Plaintiff cannot show that any error occurred or that he was harmed. *Putman v. Comm'r of Soc. Sec.*, No. 2:20-cv-3895, 2021 WL 2700330, at *5 (S.D. Ohio July 1, 2021) ("An ALJ does not commit reversible error when discounting a medical opinion or an administrative finding because the ALJ determines that a claimant is more limited than opined.") (internal citations

omitted). *Ortman v. Comm'r of Soc. Sec.*, No. 2:14-CV-1900, 2016 WL 2595111, at *2 (S.D. Ohio May 5, 2016). (of significance, the record contains no medical opinion of greater limitations than those the ALJ included in her RFC determination."). The Commissioner's determination must stand if it is supported by substantial evidence regardless of whether the reviewing court would resolve conflicts in the evidence differently. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).

Plaintiff argues the ALJ failed to analyze his alcoholism pursuant to Social Security Ruling 13-2p. Soc. Sec. Ruling 13-2p.; Titles II & XVI: Evaluating Cases Involving Drug Addiction & Alcoholism (DAA), 2013 WL 621536. He is mistaken.

A DAA materiality determination is only made when there is both evidence establishing a substance use disorder and "we find that the claimant is disabled considering all impairments, including the DAA." SSR 13-2p, 2013 WL 621536 at *4. Here, Plaintiff does not meet either requirement. In determining whether the evidence establishes DAA, the ALJ considers the standard sequential evaluation process. Id. at *5-6. Here, the ALJ did not find Plaintiff's alcohol abuse to be a severe impairment because Plaintiff did not establish how it more than minimally affected him. It is Plaintiff's burden to prove how his alleged impairments limited him, and he was unable to do so. *See* 20 C.F.R. § 404.1512(c) ("You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled. You must provide evidence showing how your impairment(s) affects your functioning during the time you say that you are disabled, and any other information that we need to decide your case.").

To the extent that Plaintiff relies on record diagnoses of alcohol abuse or alcoholism, it is well-settled that a mere diagnosis does not indicate the severity of an impairment, nor does it prove disability. *See Lee v. Comm'r*, 529 F. App'x 706, 713 (6th Cir. 2013) ("The mere diagnosis of [an impairment] ... says nothing about the severity of the condition."). Notably, Plaintiff does not point

to any provider who opined that his alcohol use resulted in any workplace limitations. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010) ("The physicians who treated Ealy for these things never recommended any ongoing significant restrictions.").

As to the second requirement in SSR 13-2p, the ALJ must consider if the claimant would be disabled considering all his impairments, including DAA. SSR 13-2p, 2013 WL 621536 at *5-6. Again, the ALJ here found Plaintiff not disabled, and no medical provider opined that he was disabled. *See Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014)("disability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it."). Moreover, Plaintiff returned to work in July 2021 apparently without altering his alcohol consumption. Therefore, the ALJ could infer his alcohol use did not limit or affect him in any way. Plaintiff has not offered evidence to demonstrate how he was more limited than the ALJ identified, nor does he identify what would be accomplished on remand. Accordingly, this Court concludes the ALJ properly considered Plaintiff's alcohol use in accordance with Agency policy.

In sum, the undersigned finds no error. Substantial evidence supports the ALJ's finding that Plaintiff could perform medium work. The decision of the Commissioner is **AFFIRMED**.

### IV.  CONCLUSION

For the reasons set forth herein, that Plaintiff's Motion for Remand, (Docket No. 13), is **DENIED,** and the decision of the Commissioner is **AFFIRMED.**

**IT IS SO ORDERED.**

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**